PHELPS *vs.* MORRISON and wife and others.

1. An endorser of an accommodation note is a creditor of the drawer, within the meaning of the fourth section of the statute of frauds.

2. A voluntary conveyance by a debtor to his wife, is void as against an antecedent creditor.

3. A contract by a married woman for the sale of her real estate, and a deed executed by herself alone, are void. Equity will not enforce the one, or give effect to the other.

4. The record of a judgment against the husband is not notice to his wife's grantee, when, at the time of the contract to purchase, and of taking the deed, the legal title to the property was in the wife.

5. Such judgment was not a legal encumbrance on the property, though the conveyance by the husband to the wife was voluntary; both deeds expressing a full consideration, and bearing no evidence on their face of their voluntary character.

6. A purchaser under a void deed, for valuable and adequate consideration, *without notice*, will be protected against an antecedent creditor, to the amount he paid for purchase money.

7. A debtor made a voluntary conveyance of his property to his wife. She sold and conveyed it—her husband not joining in the conveyance—to B., who had no knowledge that the conveyance to the wife was voluntary, and who paid a valuable and adequate consideration, and went into possession under his deed. B. conveyed to C., also for full and valuable consideration, with the usual covenants, including general warranty, and gave to C. possession. *Held,* that in equity, the claim of B. on the premises is, to the extent of the amount of the purchase money paid by him for the property, superior to that of a creditor whose debt existed at the time of the conveyance; and to that extent B. and C. will be protected. The property was charged—1st, with the amount paid by B. for the property, with interest, deducting rents and profits; and, 2dly, with the debt of the antecedent creditor.

On final hearing, on pleadings and proofs.

*Mr. Dixon,* for complainant.

*Mr. A. K. Brown,* for defendants.

THE CHANCELLOR.

This suit is brought by a judgment creditor of Daniel A. Morrison, one of the defendants, to obtain payment of his debt out of certain real estate in Jersey City, which, at the time when the liability on which the judgment was founded was incurred, was the property in fee simple of Morrison, but which, very soon after that time, he voluntarily conveyed, without consideration, to another person, by whom, by like conveyance, it was conveyed to the defendant, Maryett Morrison, wife of Daniel A. Morrison.

The complainant's debt, judgment, and execution, and the proceedings thereon, preliminary to the bringing of this suit, are not brought into question. The liability above referred

to was incurred by the complainant, in endorsing, for the accommodation of Daniel A. Morrison, a promissory note for $5000, made by the latter, in the name of his firm of D. A. Morrison & Co., which, having been discounted for the firm, was subsequently, and at or about the time of its maturity, renewed for its full amount, the complainant, at the instance and request of the firm, endorsing, without consideration, and for their accommodation, the note given in renewal.

It appears from the evidence, that the original note was made and discounted a day or two prior to the 1st day of July, 1871. In the latter part of June of that year, Daniel A. Morrison, being about to enter into business in New York with James O. Watkins, applied to the complainant for a loan of $4000 or $5000, which he wanted for part of his contribution to the capital of the firm. The complainant, being unable to accommodate him, proffered to put him in the way of raising the money by the discount above mentioned, and an arrangement for it was made accordingly, through the complainant, with certain bankers. The firm of D. A. Morrison & Co. contemplated commencing business on the 1st day of July, 1871, and therefore wanted the money ready for that day. To accommodate them, the note was made on the last Thursday or Friday in June, but was dated on the 1st of July. It was endorsed by the complainant, on the day it was made, and was then delivered for discount to the bankers. When it fell due, on the 2d day of October, 1871, it was renewed as above stated, for ninety days. At the maturity of the note given in renewal, D. A. Morrison & Co. had failed, and the note having been duly protested for non-payment, the complainant was compelled to pay it. By deed dated July 1st, 1871, and after the making and endorsement of the original note, Daniel A. Morrison conveyed, without consideration, to W. Sterling Yard, the premises in question—a dwelling-house and lot—for the purpose of vesting, by means of a like conveyance from Mr. Yard, the title in fee in Morrison's wife. The deed to her, however, was not made till October, 1871. It is dated on

the 9th of that month, was acknowledged the next day, and recorded November 23d, 1871. The deed from Morrison to Yard was acknowledged October 12th, 1871. It seems to have been stamped on that day, and it was recorded on the 6th of November following.

The character of this transaction is fully proved. The object of Morrison was to secure the property to his wife, against the chances of the business he had engaged in. Yard testifies that Morrison told him, when he applied to and advised with him on the subject, that he expected to do a good business, but he could not tell what might happen to a man in business; that he had a piece of property in New Jersey, which he would like to secure to his wife, and asked him how he should do it.

The complainant's liability for Morrison was incurred in June; the deed to Yard was not made until some time in July, at the earliest. The complainant, by endorsing the note for the accommodation of Morrison, became a creditor within the meaning of the statute. *Howe* v. *Ward*, 4 *Greenl.* 195; *Bump on Fraud. Conv.* 485, and cases there cited.

As between the complainant and Mrs. Morrison, the conveyance to her could not be permitted to prevail against his claim. He was a creditor of her husband when the voluntary conveyance to her was made, and as against the complainant, as between her and him, it is void for fraud.

But she sold the property, and attempted to convey it, and both she and the purchaser undoubtedly supposed she had effectually done so. On the 15th day of April, 1872, she executed a contract for the sale of it to the defendant, Andrew Allendorph, by which she agreed to convey it to him, in sixty days from that date, for $6500 cash. June 10th, 1872, she executed a deed to him, intended to convey the property to him in fee simple for that price, which he paid to her in cash. Both the contract and the deed were executed by her, without her husband. Under the deed, Allendorph went into possession, and being in possession, afterwards sold the property to the defendant, John A. Bennett, for $7500, which

are proved to have been paid to him by Bennett, to whom he conveyed it by deed dated September 10th, 1872; and Bennett, under his deed, went into possession, which he still retains. Allendorph's deed to Bennett contains the usual full covenants, including general warranty. The contract and deed executed by Mrs. Morrison were both void at law. *Den* v. *Lawshe*, 4 *Zab.* 613; *Moore* v. *Rake*, 2 *Dutcher* 574. This court would not have enforced the one, nor will it give effect to the other. *Wooden* v. *Morris*, 2 *Green's Ch.* 65; *Pentz* v. *Simonson*, 2 *Beas.* 232; *Armstrong* v. *Ross*, 5 *C. E. Green* 109. The legal title to the property, then, stands as if the deed to Allendorph had never been made. But I do not find proof in the case to fix fraud on Allendorph; I do not find evidence of his want of *bona fides*, or of his having had notice of the character of the conveyance to Mrs. Morrison. He is, it is true, her uncle by marriage, and he may, perhaps, be suspected of having known the circumstances of the conveyance to her. He may not have paid the $6500 *bona fide*. But I cannot say, in the face of the evidence, that he had notice, did not act in good faith, or did not honestly pay the consideration he swears he paid. The record of the complainant's judgment against Mr. Morrison was not notice to Allendorph. When he made the contract, and when he took her deed, the legal title to the property was in Mrs. Morrison. The judgment was not a legal encumbrance on the premises. The deed from Morrison to Yard, and that from Yard to Mrs. Morrison, contained on their face no evidence of their voluntary character. The former expressed a consideration of $7000, and the latter one of $7200.

Under these circumstances, while I cannot give effect to the deed to Allendorph, I ought to extend to him, or his grantee, in his stead, the protection of this court, at least so far as regards the amount he paid for purchase money. In equity, his claim on the premises, to that extent, at least, is superior to that of the complainant. He is a *bona fide* purchaser, for valuable and adequate consideration, without

notice. He has paid the consideration to Mrs. Morrison. His grantee is in possession. This court would not permit her to recover the property against the latter, except on equitable terms. It will not permit the complainant to do more. In *Stanhope* v. *Earl Verney*, 2 *Eden* 81, Lord Northington says: "There is not a case to be put, of a contest between two purchasers, where the first purchaser, by paying his money, does not get an equity; and that equity, if free from fraud, stands with a priority in this court, according to the terms of its creation, so that the nature of the equity continues the same; but a purchaser, without notice, for a valuable consideration, is a bar to the jurisdiction of this court; and it is of no consequence, when the legal advantage was acquired, if the purchase was made and the money paid without notice." On the principle of the cases of *Basset* v. *Nosworthy, Cases temp. Finch* 102; *Collet* v. *De Gols, Cases temp. Talbot* 65; *Hitchcock* v. *Sedgwick*, 2 *Vern.* 156; *Jones* v. *Powles*, 3 *M. & K.* 581; and *Joyce* v. *De Moleyns*, 2 *J. & L.* 374; Allendorph and his grantee will be protected in this court, at least to the extent above indicated. They are *bona fide* purchasers, without notice, against whom this court will not grant its aid.

I shall, therefore, (*Pentz* v. *Simonson*, 2 *Beas.* 236,) charge, upon the premises, the money paid by Allendorph to Mrs. Morrison, $6500, and interest from the time it was paid, subject to a proper deduction for the rents and profits since then. Subject to that charge, the premises will be charged with the complainant's debt.